IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herschel Jamal Ham,  )<br>  )<br>        Plaintiff,  )<br>  )<br>   vs.  )<br>  )<br>Eric Bingaman and Janet Ayyad  )<br>Ismail,  )<br>  )<br>        Defendants.  ) | Case No.: 4:25-cv-02595-JD-KDW<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 39), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants' motions to dismiss Plaintiff's *pro se* Complaint alleging violations of the Fair Labor Standards Act ("FLSA").[1] (DE 1.)

**A.     Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff Herschel Jamal Ham, proceeding *pro se*, commenced this action by filing a "Complaint for Violation of Fair Labor Standards," asserting claims for unpaid overtime and retaliation under the FLSA. (DE 1.) Plaintiff named as Defendants Eric Bingaman, identified as a Human Resources Manager, and Janet

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Ayyad Ismail, identified as corporate counsel. After the Court issued a Proper Form Order, Plaintiff provided additional materials, and service was authorized. (DE 10, 14, 18.)

Both Defendants moved to dismiss. Defendant Bingaman moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Defendant Ismail moved to dismiss for insufficient service of process under Rule 12(b)(5). (DE 25, 33.) The Magistrate Judge issued *Roseboro* orders advising Plaintiff of the significance of the motions and his obligation to respond. (DE 28, 34.)

In response, Plaintiff conceded that he had misidentified both Bingaman and Ismail as defendants and expressly agreed that they should be dismissed from the action. (DE 36.) Defendants thereafter filed replies concurring in Plaintiff's concession. (DE 37, 38.)

## B.   Report and Recommendation

On October 27, 2025, the Magistrate Judge issued the Report recommending that Defendants' motions to dismiss be granted. (DE 39.) The Magistrate Judge concluded that dismissal of both Defendants was warranted based on Plaintiff's express concession that he misidentified them and his failure to allege facts establishing individual liability under the FLSA.

As to Defendant Bingaman, the Magistrate Judge recommended dismissal with prejudice under Rule 12(b)(6), finding that amendment would be futile. As to Defendant Ismail, the Magistrate Judge recommended dismissal without prejudice

under Rule 12(b)(5) for lack of personal jurisdiction due to insufficient service of process.

In light of Plaintiff's *pro se* status and his repeated references to corporate entities as his actual employers, the Magistrate Judge further recommended that Plaintiff be afforded a reasonable opportunity to file an amended complaint to properly identify appropriate defendants and attempt to state a plausible FLSA claim against them.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Plaintiff's Filing Following the Report**

Plaintiff did not file objections to the Report. Instead, Plaintiff filed a document styled as a "Response in Support of Magistrate Judge's Report and Recommendation," in which he expressly agrees with the Report and requests that it be adopted in full. (DE 41.) Plaintiff reiterates his acknowledgment that Defendants Bingaman and Ismail were misidentified and supports the Magistrate Judge's recommendation that he be permitted to file an amended complaint identifying the proper defendants.

Because Plaintiff has not filed specific objections within the meaning of 28 U.S.C. § 636(b)(1), and has instead affirmatively endorsed the Report, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record.

**E.    Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 39) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendants' Motions to Dismiss (DE 25 and 33) are GRANTED. Plaintiff's claims against Defendant Eric Bingaman are DISMISSED WITH PREJUDICE, and Plaintiff's claims against Defendant Janet Ayyad Ismail are DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that Plaintiff is granted leave to file an amended complaint within the time and in the manner directed by the Magistrate Judge, consistent with the Report and Recommendation.

**IT IS SO ORDERED**.

*/s/ Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 14, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.