UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Herschel Jarmal Ham, Plaintiff, v. Eric Bingaman and Janet Ayyad Ismail, Defendants. | Civil Action No. 4:25-cv-02595-JD **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 53), submitted pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(b) because Plaintiff Herschel Jarmal Ham ("Plaintiff") failed to file an amended complaint as directed by the Magistrate Judge's January 27, 2026, Order (DE 50).

No objections to the Report have been filed. Having reviewed the Report, the docket, and the applicable law, the Court agrees that dismissal under Rule 41(b) is warranted, but concludes that dismissal *without* prejudice is the appropriate disposition.

**A. Background**

Plaintiff, proceeding pro se, commenced this action on March 26, 2025, asserting claims under the Fair Labor Standards Act ("FLSA") against Eric Bingaman and Janet Ayyad Ismail. (DE 1.) Both Defendants moved to dismiss. (DE

25, 33.) Following notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff responded and acknowledged that he had misidentified the individual Defendants. (DE 36.)

On October 27, 2025, the Magistrate Judge recommended granting the motions while allowing Plaintiff to amend to identify appropriate defendants and attempt to state a viable FLSA claim. (DE 39.) Plaintiff expressly supported that recommendation in a November 10, 2025, filing. (DE 41.)

On January 14, 2026, the Court adopted the earlier Report, dismissed Plaintiff's claims against Bingaman with prejudice and against Ismail without prejudice, and granted Plaintiff leave to amend within the time and manner directed by the Magistrate Judge. (DE 44.)

On January 27, 2026, the Magistrate Judge directed Plaintiff to submit an amended complaint within twenty-one days, plus three mailing days. (DE 50.) The Order required him to identify all intended defendants and include all claims and allegations in a single pleading. It also warned that noncompliance could result in dismissal for failure to prosecute or obey a court order. (*Id.*) The Clerk mailed the Order and a blank complaint form to Plaintiff at his address of record. (DE 51.)

Including the three mailing days expressly allowed by DE 50, the deadline was February 20, 2026. Plaintiff neither amended his complaint nor requested more time.

The Magistrate Judge issued the present Report on February 27, 2026, recommending dismissal with prejudice under Rule 41(b). (DE 53.) The Report and

notice of the right to object were mailed to Plaintiff. (DE 55.) No objections or other filings appear on the supplied docket.

For completeness, the Court notes two inaccuracies in the Report's chronology: Plaintiff last filed a document on November 10, 2025 (DE 41), rather than August 8, 2025, and DE 50's mailing allowance extended the amendment deadline from February 17 to February 20, 2026. Neither affects the undisputed failure to amend, but the Court considers the corrected chronology in assessing the sanction.

**B. Legal Standard**

A magistrate judge's recommendation is advisory; the district court retains responsibility for the ultimate decision. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976); *Elijah v. Dunbar*, 66 F.4th 454, 459–60 (4th Cir. 2023). The district court must review de novo any portion of a report to which a party makes a sufficiently specific objection. 28 U.S.C. § 636(b)(1); *Elijah*, 66 F.4th at 460–61. For pro se litigants, objections are liberally construed, and specificity—not novelty—determines whether de novo review is required. *Elijah*, 66 F.4th at 460–61. When, as here, no objections are filed, the Court need only ensure that no clear error appears on the face of the record before accepting a recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Elijah*, 66 F.4th at 460. The Court remains authorized to accept, reject, or modify a recommendation in whole or in part. 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 41(b) permits dismissal for failure to prosecute or comply with a court order. A district court may exercise that authority sua sponte.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019).

In assessing dismissal, courts consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625 (quoting *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)). These are not rigid prerequisites; the inquiry depends on the particular circumstances. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

An explicit warning of dismissal is an important consideration. *Ballard*, 882 F.2d at 95–96. The Court must also assess whether less drastic sanctions would suffice, particularly when dismissal with prejudice is proposed.

**C. Discussion**

Plaintiff's failure to file the amended complaint warrants dismissal under Rule 41(b). The record, however, supports dismissal without prejudice rather than the more severe sanction recommended in DE 53.

**1. Plaintiff's Personal Responsibility**

The first factor favors dismissal. As a pro se litigant, Plaintiff bears responsibility for prosecuting his claims and complying with court orders. After granting leave to amend, the Court directed Plaintiff to identify proper defendants, provided specific instructions and a deadline, and warned that failure to comply could result in dismissal. (DE 44, 50.)

The Clerk mailed DE 50 and a blank complaint form to Plaintiff's address of record. (DE 51.) Plaintiff did not submit an amended complaint, request an extension, or explain his noncompliance. Although Plaintiff had participated in the earlier proceedings and supported leave to amend (DE 36, 41), the obligation to advance the action after that relief was granted rested with him. This factor supports dismissal.

**2. Prejudice to Defendants**

The second factor weighs against dismissal with prejudice. Both named Defendants were dismissed and terminated as parties under DE 44. The expenses they incurred defending the original complaint preceded Plaintiff's failure to comply with DE 50.

The record establishes no additional litigation burden, loss of evidence, or other identifiable prejudice to those Defendants from the subsequent inactivity. Nor did Plaintiff identify or serve another defendant after DE 44. Accordingly, the absence of demonstrated prejudice from the failure to amend weighs against the harsher sanction.

**3. History of Dilatory Conduct**

The third factor is mixed. Plaintiff submitted service materials, responded to both motions to dismiss, and supported the recommendation that he be allowed to amend. (DE 14, 36, 41.) The record does not show repeated violations of multiple orders or a deliberate effort to obstruct the case.

That said, approximately eight months have passed since the February 20, 2026, deadline without an amended complaint, an extension request, or any other

step to prosecute the action. The prolonged inactivity supports dismissal, but the record does not establish the pattern of willful delay that would strongly favor dismissal with prejudice.

**4. Effectiveness of Lesser Sanctions**

The fourth factor favors dismissal without prejudice. The Court has considered an additional warning, another extension, and monetary sanctions. DE 50 provided a clear directive, a reasonable opportunity to amend, and notice that noncompliance could result in dismissal. The Court supplied a blank complaint form. Plaintiff nonetheless took no action for months after the deadline. Another extension or repetition of the instructions is unlikely to advance the case, and a monetary sanction is unlikely to be effective given Plaintiff's in forma pauperis status.

Dismissal without prejudice is a less drastic way to end these inactive proceedings. It avoids adjudicating the merits of claims against defendants Plaintiff never identified in an amended pleading. The warning in DE 50 stated that the action *may* be dismissed; it did not expressly warn of dismissal *with prejudice*. Although DE 31 earlier warned of dismissal with prejudice as to Bingaman, DE 44 resolved the claims against that Defendant. The earlier warning does not independently support imposing the same consequence for the later failure to amend.

On this record, dismissal without prejudice addresses the noncompliance without imposing a sanction more severe than necessary.

### 5. Disposition of the Remaining Action

Taken together, the factors warrant dismissal of the remaining action: Plaintiff was given a meaningful opportunity to amend, received instructions and a warning, and failed to pursue the case. The Court need not leave the matter pending indefinitely. But the absence of demonstrated prejudice, Plaintiff's earlier participation, and the lack of a pattern of deliberate misconduct counsel against dismissal with prejudice.

The Court, therefore, concludes that dismissal without prejudice is the appropriate exercise of its Rule 41(b) discretion. This ruling does not disturb DE 44. The claims against Bingaman remain dismissed with prejudice, and those against Ismail remain dismissed without prejudice. The present order terminates the proceedings remaining after Plaintiff failed to file an amended complaint.

The Court makes no determination about the timeliness or other viability of any future action asserting claims not previously adjudicated.

## D. Conclusion

For these reasons, the Court **ADOPTS IN PART AND MODIFIES IN PART** the Report and Recommendation (DE 53). The Court agrees that Plaintiff's failure to prosecute and comply with DE 50 warrants dismissal under Rule 41(b), but declines to adopt the recommendation of dismissal with prejudice.

The remaining action is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b). The dispositions in DE 44 are **UNCHANGED**: Plaintiff's claims against

Bingaman remain dismissed with prejudice, and those against Ismail remain dismissed without prejudice.

No further leave to amend is granted in this action. Because this Order disposes of the remaining proceedings without leave to amend, it constitutes a final, appealable judgment. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc).

The Clerk is **DIRECTED** to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 consistent with DE 44 and this Order, close the case, and mail copies of this Order and judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 26, 2026

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of judgment. *See* Fed. R. App. P. 3, 4(a)(1)(A).